IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> vs. <br><br> RICHARD WESLEY MARSHALL, <br><br> Defendant. | 8:23-CR-86 <br><br> ORDER REGARDING GOVERNMENT'S MOTION FOR REVIEW OF REVOCATION OF A RELEASE ORDER |

On November 14, 2023, a Grand Jury in the District of Nebraska returned a three-count Superseding Indictment against several defendants, including Richard Wesley Marshall. Filing 75 at 1.[1] Marshall was arrested nearly a month later on December 12, 2023, in California, and appeared the next day before United States Magistrate Judge Jacqueline Chooljian in the Central District of California. Filing 120-2 at 1; Filing 120-8. Although the Government requested that Marshall remain detained pending trial, Magistrate Judge Chooljian denied the Government's request and permitted Marshall to remain out on bond subject to certain conditions. Filing 102. On December 15, 2023, the Government moved for an emergency stay of Magistrate Judge Chooljian's decision to release Marshall on bond pending trial. Filing 100. This Court granted the Government's Motion for a stay that day. Filing 102. However, the Court noted in its Order that

---

[1] Count I of the Superseding Indictment alleges that Marshall and other conspired to distribute and possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana and a mixture, compound, and preparation containing THC. Filing 75 at 1. Count II of the Superseding Indictment alleges that the Defendant and others engaged in money laundering to conceal and disguise the nature, location, and source of unlawful activity. Filing 75 at 2. Count III of the Superseding Indictment alleges that Marshall and others conspired to launder money. Filing 75 at 2–3.

1

the stay was for the purpose of allowing it to conduct a *de novo* review of the Magistrate Judge's release decision. Filing 102 at 1.[2]

Since the Court entered its stay, Marshall has retained counsel to represent him in the above-captioned case before this Court, and this Court has received filings that were docketed in the United States District Court for the Central District of California where Magistrate Judge Chooljian sits. *See* Fed. R. Crim. P. 5(c)(3)(E); Filing 106; Filing 120. On January 8, 2024, Marshall's counsel filed a Response to the Government's Motion to Revoke Release. Filing 134. Marshall's counsel also filed a written waiver of personal appearance at his arraignment. Filing 137. This waiver was accepted by the Magistrate Judge assigned to this case in the United States District Court for the District of Nebraska. Filing 137 at 1. Accordingly, Marshall's "not guilty plea to all counts [was] entered on record with the Clerk of Court" on January 8, 2024. Filing 137 at 1. Given these developments, it is now appropriate for this Court to consider the merits of the Government's Motion to revoke Magistrate Judge Chooljian's order releasing Marshall.

A district court's review of an order releasing a defendant is *de novo*. *See United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985). After reviewing the Government's Motion, Filing 100, and Marshall's Response, Filing 134, the Court has determined that in order to conduct a proper *de novo* review of the Magistrate Judge's decision to release Marshall additional information is required. *See* NECrimR. 46.2(c) ("When reviewing a magistrate judge's order of detention or release, a district judge may hear and consider additional evidence not considered by

---

[2] When a defendant is ordered released by a federal judge in another jurisdiction, the Government may move to revoke the order in the district court that has original jurisdiction over the charged offenses. 18 U.S.C. § 3145(a)(1); *see also United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 495 (W.D. Tex. 2022) (citing 18 U.S.C. § 3145(a)(1) and cases supporting the proposition that "the district court in the district where charges are pending can enter a stay of a release order issued by a magistrate judge of a different jurisdiction").

the magistrate judge if that evidence was not available to be presented to the magistrate judge at the hearing held under 18 U.S.C. § 3142(f) or for other good cause shown).

At present, the Court has not yet been provided with either a transcript or an audio recording of Marshall's hearing before Magistrate Judge Chooljian. The Court cannot conduct a proper *de novo* review of the matter without this information. Moreover, the Court finds that there is good cause to consider any additional evidence the parties may wish to present before the Court rules on this matter. Marshall is being prosecuted by attorneys assigned to the United States Attorney's Office for the District of Nebraska pursuant to a Superseding Indictment returned in the District of Nebraska. Filing 75. However, he appeared before a Magistrate Judge in the Central District of California and the attorneys representing the United States at that stage were not assigned to the United States Attorney's Office for the District of Nebraska. *See* Filing 120-3 at 5. The attorneys prosecuting this case in the District of Nebraska are in the best position to know about the underlying facts of this case, which is a consideration that ultimately bears on this Court's pretrial release decision. *See* 18 U.S.C. § 3142(g) (providing that courts consider, *inter alia*, the nature and circumstances of the offense charged as well as the weight of the evidence against the person in determining whether to detain or release a defendant). There is also good cause to consider additional evidence that may not have been before the Magistrate Judge because Marshall has already submitted additional materials that were not before the Magistrate Judge. *See* Filing 134. For this Court to conduct a proper and thorough *de novo* review of the matter, additional evidence is required.

Therefore, the Court directs that the Government and counsel for Marshall are to submit any and all evidence that they wish for this Court to consider in ruling on this matter within seven

3

(7) days of the date of this Order.[3] The Court also specifically instructs the Government to provide this Court with either a transcript or an audio recording of Marshall's hearing before Magistrate Judge Chooljian by this deadline as well.[4] Within seven (7) days of the date of this Order, both parties shall also advise the Court in writing whether they request a hearing on the matter or whether they wish for the Court to rule on the Government's Motion, Filing 100, based solely on the evidence submitted and the matters contained in the record. The Court will, of course, make its own, independent determination of whether it believes a hearing is required. Upon receiving these materials and information, the Court will issue a ruling or set the matter for a hearing if the Court determines a hearing is required. Accordingly,

IT IS ORDERED:

1. Within seven (7) days of the date of this Order, the parties shall submit any and all evidence they wish for the Court to consider in Ruling on the Government's Motion for Review of Revocation of a Release Order, Filing 100;

2. Within seven (7) days of the date of this Order, the Government is directed to provide this Court with either a transcript or an audio recording of Marshall's hearing before Magistrate Judge Chooljian;

3. Within seven (7) days of the date of this Order, the parties shall advise the Court in writing whether they request that a hearing be held on this matter; and

4. Upon review of the materials submitted by the parties, the Court will determine whether a hearing is required and either issue a ruling or set the matter for a hearing.

---

[3] The Court again acknowledges that Marshall submitted materials along with his written response to the Government's Motion. Filing 134. These materials will be considered, and Marshall need not resubmit them.

[4] Marshall's counsel notes in his Response that he "has obtained the audio recording of said hearing and reviewed it." Filing 134 at 1.

4

Dated this 11th day of January, 2024.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge