IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>RICHARD WESLEY MARSALL,<br><br>             Defendant. | 8:23CR86<br><br>BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT AND REQUEST FOR HEARING |

COMES NOW the Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney, Thomas J. Kangior, and hereby responds to Defendant's Motion to Dismiss the Second Superseding Indictment and Request for Hearing. (Filing No. 283).

### I.    Facts

On November 14, 2023, in the District of Nebraska, a three-count Superseding Indictment was returned charging the Defendant with conspiracy to distribute and possess with intent to distribute marijuana and other tetrahydrocannabinol, ("THC"), products; money laundering; and conspiracy to commit money laundering. (Doc. # 75). On February 21, 2024, a Second Superseding Indictment was returned charging Defendant with all three counts previously charged and adding one new co-defendant. (Doc. # 205).

On June 11, 2024, Defendant filed a Motion to Dismiss the Second Superseding Indictment and Request for Hearing, along with an accompanying Brief, arguing the Second Superseding Indictment alleges multiple conspiracies and lack of venue to charge Defendant in the District of Nebraska. (Docs. # 283, 284).

## II. Argument

Defendant argues venue is improper in the District of Nebraska because the government's evidence reveals multiple conspiracies and that any conspiracy he may have been a part of has no connection to the District of Nebraska.

"Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure." *United States v. Morales,* 445 F.3d 1081, 1084 (8th Cir. 2006). A federal crime may be prosecuted in any district in which an offense began, continued, or was completed. *United States v. Hull*, 419 F.3d 762, 768 (8th Cir. 2005). Specifically, "[i]n a conspiracy case, venue is proper 'in any district in which any act in furtherance of the conspiracy was committed by any of the conspirators even though some of them were never physically present there.' " *Id*. (quoting *United States v. Fahnbulleh*, 748 F.2d 473, 477 (8th Cir. 1984)). "Where the relevant facts are disputed, venue is a question of fact for the jury to decide." *United States v. Nguyen*, 608 F.3d 368, 374 (8th Cir. 2010).

When a defendant moves to dismiss for lack of venue, a court must presume the truth of the allegations in the indictment and consider whether venue is proper based on those allegations. *See United States v. Hardaway*, 999 F.3d 1127, 1130 (8th Cir. 2021) (citing *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952)); *United States v. Engle*, 676 F.3d 405, 415-16 (4th Cir. 2012); *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). "An indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956) (footnote omitted). "To go beyond the face of the indictment, and challenge the sufficiency of the government's evidence on

venue, [defendant Hardaway] was required to proceed to trial and put the government to its burden of proof." *Hardaway*, 999 F.3d at 1130.

Defendant has cited *United States v. Cabrales*, 524 U.S. 1 (1984) for the proposition that dismissal of money laundering charges was appropriate where there was a lack of venue. (Doc. # 284 Defendant's Brief at 21). While that may be correct, the charges dismissed in *Cabrales* were money laundering counts that occurred entirely in a different venue. *Cabrales* 524 U.S. at 2. The Supreme Court was careful to note that the defendant in that case was not charged with conspiracy, and the dismissed counts did not link her to, or claim she was responsible for, acts done by others within the venue where they were charged. *Id.* at 7.

The Defendant has been charged with a conspiracy linking him to drug distribution and money laundering crimes committed in the District of Nebraska. All three counts of the Second Superseding Indictment charge the Defendant and his codefendants with committing crimes "in the District of Nebraska and elsewhere…[.]" "Where, as here, venue appears proper on the face of the indictment, the government must prove venue at trial, not in response to a pretrial motion to dismiss or transfer venue." *United States v. Maes*, No. 4:21CR3028, 2022 WL 903451, *2 (D. Neb. 2022).

Defendant also argues the Second Superseding Indictment should be dismissed because the conspiracy counts each charge two or more distinct and separate offenses, (separate conspiracies), in a single count. (Doc. # 284 Defendant's Brief at 2).

Whether the government has proven a single conspiracy or multiple conspiracies is a question of fact for the jury. *United States v. McCauley*, 715 F.3d 1119, 1123 (8th Cir. 2013). " 'A single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement.' " *United States v. Maza*, 93 F.3d 1390, 1398 (8th Cir. 1997) (quoting

*United States v. Davis*, 882 F.2d 1334, 1342 (8th Cir. 1989)). If the jury finds "one overall agreement to commit an illegal act, the evidence establishes a single conspiracy." *United States v. Regan*, 940 F.2d 1134, 1135 (8th Cir. 1991). An overall agreement may be inferred where "the participants shared a common aim or purpose and mutual dependence and assistance existed." *Id*. Relevant factors include the nature of their activities, the location and time frame, and the participants. *United States v. Morales*, 113 F.3d 116, 119 (8th Cir. 1997). A single conspiracy may exist "even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions." *United States v. Mshihiri*, 816 F.3d 997, 1007 (8th Cir. 2016).

The Defendant has cited Eighth Circuit cases where the Court examined factors which determine the existence of single versus multiple conspiracies (*United States v. Armstrong*, 60 F.4th 1151 (8th Cir. 2023), *See also*, *United States v. Campbell*, 986 F.3d 782 (8th Cir. 2021)). However, those cases involved defendants who had been convicted at trial and the Court examined whether the evidence established single or multiple conspiracies. Those cases do not stand for the proposition that a defendant could challenge venue or the existence of multiple conspiracies prior to trial, because those are questions of fact for a jury to decide. (See *Nguyen*, 608 F.3d at 374; *McCauley*, 715 F.3d at 1123).

The government's evidence will show the Defendant and his co-defendants shared a common purpose under one general agreement to make money by distributing marijuana and marijuana products in Nebraska and elsewhere. Whether that general agreement involved a single conspiracy or multiple conspiracies with acts committed in Nebraska, is a question of fact for the jury to determine.

4

**Conclusion**

The United States respectfully requests that Defendant's Motions to Dismiss the Second Superseding Indictment and Request for Hearing be denied.

        UNITED STATES OF AMERICA

        SUSAN T. LEHR
        United States Attorney
        District of Nebraska

        s/Thomas J. Kangior
By:  THOMAS J. KANGIOR #21496
        Assistant United States Attorney
        1620 Dodge Street, Suite 1400
        Omaha, Nebraska 68102-1506
        (402) 661-3700
        Thomas.kangior@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jerry M. Hug, Attorney for Defendant.

        s/Thomas J. Kangior
        THOMAS J. KANGIOR
        Assistant United States Attorney