IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NO. 8:23-CR-86 |
| vs. | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS |
| RICHARD WESLEY MARSHALL, | |
| Defendant. | |

Defendant Richard Wesley Marshall has been indicted on three counts: conspiracy to distribute and possess with intent to distribute marijuana; money laundering; and conspiracy to commit money laundering. Filing 205 (Second Superseding Indictment). Presently before the Court is Marshall's Motion to Dismiss the Second Superseding Indictment for improper venue and for joining two or more offenses in the same count (duplicity) pursuant to Federal Rule of Criminal Procedure 12(b)(3). Filing 283. Marshall contends that while "the government may be able to show a separate discreet [sic] conspiracy" connecting Marshall to the States of California and Maryland, "there is no nexus to the District of Nebraska," thereby rendering venue improper. Filing 283 at 1 (¶ 2). Marshall further argues that the existence of multiple conspiracies makes Count I duplicitous. Filing 283 at 1 (¶ 2). Because the Court concludes that the propriety of venue in this case is a jury question and there is no duplicity, the Motion to Dismiss is denied.

## I. BACKGROUND

On November 14, 2023, a Grand Jury in the District of Nebraska returned a three-count Superseding Indictment against several defendants, including Richard Wesley Marshall. Filing 75 at 1. A Second Superseding Indictment, also naming Marshall in three counts, was returned on February 21, 2024. Filing 205. Count I of the Second Superseding Indictment alleges that Marshall and others conspired to distribute and possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana and a mixture, compound, and preparation containing THC. Filing 205. Count II alleges that Marshall and others engaged in money laundering to conceal and disguise the nature, location, and source of unlawful activity. Filing 205. Count III alleges that Marshall and others conspired to launder money. Filing 205. Each of these counts alleges that Marshall committed these offenses "in the District of Nebraska and elsewhere[.]" Filing 205. On June 11, 2024, Marshall filed a Motion to Dismiss the Second Superseding Indictment. Filing 283. Marshall brings his Motion pursuant to Federal Rule of Criminal Procedure 12(b)(3) and asserts two grounds for dismissal: improper venue and joining two or more offenses in the same count (duplicity). The Government argued in response that the propriety of venue is to be determined at trial and that duplicity is not at issue. Filing 308 at 3–4. For the reasons stated below, the Motion to Dismiss is denied.

## II. ANALYSIS

### A. Venue

*1. The Parties' Arguments*

Regarding Count I, Marshall argues that venue in the District of Nebraska is improper because he is alleged to be party to only one of multiple conspiracies, described as a "rimless hub conspiracy," that had no relationship to the State of Nebraska. Filing 284 at 9. Marshall

distinguishes his alleged conspiracy from "a single conspiracy," stating, "It is clear there are multiple, discrete agreements as opposed to one overall agreement in the conspiracy as alleged" in the Second Superseding Indictment. Filing 284 at 2. According to Marshall, "[t]he existence of multiple conspiracies, due to the nature of those conspiracies, removes the District of Nebraska as an appropriate venue." Filing 284 at 4. Moreover, regarding Counts II and III, Marshall contends that "[t]here are no allegations of any individual acts" and that "[t]he count[s] fail[ ] to describe an offense under the statute." Filing 284 at 20.

In response, the Government argues that where "venue appears proper on the face of the indictment, the government must prove venue at trial, not in response to a pretrial motion to dismiss or transfer venue." Filing 308 at 3. The Government contends that venue is facially proper in the District of Nebraska because "[a]ll three counts of the Second Superseding Indictment charge the Defendant and his codefendants with committing crimes 'in the District of Nebraska and elsewhere.'" Filing 308 at 3. The Court agrees with the Government.[1]

   2. Applicable Standards

Federal Rule of Criminal Procedure 12(b)(3) lists "defects which can cause an indictment to be dismissed prior to trial." *United States v. Morales*, 813 F.3d 1058, 1066 (8th Cir. 2016). Among these defects is improper venue. See Fed. R. Crim. P. 12(b)(3)(A)(i). "Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure." *United States v. Mink*, 9 F.4th 590, 601 (8th Cir. 2021). "When a defendant moves to dismiss for lack of venue, [ ] the court must presume

---

[1] Marshall filed a reply brief, Filing 311, and the Government filed a sur-reply brief, Filing 313. Neither of these briefs advance arguments that were not already covered by the parties' initial briefs. Accordingly, there is no need to reproduce these arguments here.

the truth of the allegations in the indictment and consider whether venue is proper based on those allegations." *United States v. Hardaway*, 999 F.3d 1127, 1130 (8th Cir. 2021). "An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." *Id.* (ellipses in original) (citation omitted). Moreover, "[t]he indictment need not detail specific acts that support the charge" for venue to be proper. *Id.* (stating that "there was venue in the Eastern District of Missouri to try the allegation that Hardaway conspired to commit money laundering in 'the Eastern District of Missouri' and elsewhere").

Venue is proper "in any district in which such offense began, continued, or was completed." *Mink*, 9 F.4th at 601 (internal quotations omitted) (quoting *United States v. Banks*, 706 F.3d 901, 904 (8th Cir. 2013)). As the Eighth Circuit explained,

> The locus delicti, or the place of the wrong, "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 6-7, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998) (citation omitted). "In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). As such, only "essential conduct elements," rather than "circumstance element[s]," may serve as the basis for venue. *See id.* at 280 & n.4, 119 S.Ct. 1239; *see also United States v. Auernheimer*, 748 F.3d 525, 533 (3d Cir. 2014).

*Mink*, 9 F.4th at 601–02 (alteration in original). "Venue ordinarily is a question of fact for the jury" and must be established "by a preponderance of the evidence." *Id.* at 602 (citations omitted). *See also United States v. Pinto*, No. 21-3454, 2024 WL 3245348, at *2 (8th Cir. July 1, 2024) ("Whether the government's proof [at trial] established [only] a single conspiracy or multiple conspiracies is a question of fact for the jury." (alterations in original) (quoting *United States v. Morales*, 113 F.3d 116, 118 (8th Cir. 1997))).

The Eighth Circuit recently addressed the issue of improper venue in the conspiracy context in *United States v. Pinto*, No. 21-3454, 2024 WL 3245348 (8th Cir. July 1, 2024). In *Pinto*, the defendant "concede[d] he was a participant in one of" several conspiracies to distribute fentanyl but argued that venue was improper in North Dakota because he "was not involved in any conspiracy that operated in" that State. *Id.* at *2. Noting that a "single conspiracy may be found when the defendants share a common overall goal and the same method is used to achieve that goal, even if the actors are not always the same," the Eighth Circuit rejected the defendant's argument. *Id.* (citations omitted). The *Pinto* court reasoned that although the defendant "never spoke to [ ] or had any relationship with" the nationwide supplier of the drugs, "the evidence showed that the common goal of the participants was to import and distribute fentanyl throughout the United States." *Id.* at 2–3. The court specifically stated that "members of a conspiracy do not have to know one another, nor do they need to be aware of all the activities of other participants in the conspiracy." *Id.* at 3. From this evidence, the court found that a "'reasonable jury' could conclude that Pinto knowingly manufactured and distributed controlled substances that were imported from overseas, and was aware that the conspiracy he joined had 'one overall agreement' involving participants known and unknown to him." *Id.* Because the defendant was a participant in the "single conspiracy," and that conspiracy "was wide-reaching," venue was proper, even though the defendant "was not aware of" his coconspirator's actions that affected the State of North Dakota. *Id.* at 2–3.

3. Application

The Court concludes that "[t]he indictment on its face supports venue" in the District of Nebraska, *Hardaway*, 999 F.3d at 1130, because Marshall allegedly "began, continued, or [ ]

completed" the charged offense in this District. *Mink*, 9 F.4th at 601. The Second Superseding Indictment explicitly charges Marshall with conspiracy to distribute and possess with intent to distribute over 1,000 kilograms of marijuana "in the District of Nebraska and elsewhere." Filing 205. Marshall detailed the factual basis for his contention that there were multiple conspiracies rather than a single conspiracy. *See* Filing 284 at 7–19. However, these facts are not properly considered at the motion to dismiss stage because "the court must presume the truth of the allegations in the indictment and consider whether venue is proper based on those allegations." *Hardaway*, 999 F.3d at 1130. Accordingly, only the allegations in the indictment are considered.

Considering another defendant's pretrial motion to dismiss an indictment for improper venue, the Eighth Circuit stated,

> The indictment on its face supports venue in the Eastern District of Missouri. Count 4 charges that Hardaway and Hunter "did knowingly combine, conspire, and agree with each other" to commit money laundering in "the Eastern District of Missouri, the Central District of California, and elsewhere." The indictment need not detail specific acts that support the charge, and Count 4 does not do so. Taking the allegations in the indictment as true, there was venue in the Eastern District of Missouri to try the allegation that Hardaway conspired to commit money laundering in "the Eastern District of Missouri" and elsewhere.

*Hardaway*, 999 F.3d at 1130. The same is true here: "Taking the allegations in the indictment as true, there [is] venue in the [District of Nebraska] to try the allegation that [Marshall] conspired to [distribute and possess with the intent to distribute over 1000 kilograms of marijuana] in 'the [District of Nebraska].'" *Id.*

Moreover, "[e]ven going beyond the face of the indictment," the evidence that Marshall anticipates "demonstrate[s] that venue [would be] proper" in this District, assuming the evidence is consistent with Marshall's characterizations. *Id.* Marshall anticipates the introduction of "evidence about distributions by the others to locations such as Omaha, Chicago, New York,

6

Cincinnati, Miramar, and other cities across the county [sic]" by Marshall's codefendants. Filing 284 at 5. He "assum[es] without conceding the government can show that Mr. Marshall was connected to the hub [of the conspiracy] *via* Maryland." Filing 284 at 6. Marshall contends that he is "at most, a member of an agreement operating between Maryland and California." Filing 284 at 5. Thus, Marshall is comparable to the defendant in *Pinto* who "concede[d] he was a participant in one of" several conspiracies to distribute fentanyl but argued unsuccessfully that venue was improper in North Dakota because he "was not involved in any conspiracy that operated in" that State. 2024 WL 3245348, at *2. Here, Marshall indicates that there may be evidence of his involvement in a conspiracy to distribute and possess with intent to distribute marijuana but argues that venue is improper because the conspiracy did not operate in Nebraska. Filing 284 at 6 (Marshall arguing, "Since the actual conspiracy in which defendant Marshall is alleged to be a member operated between California and Maryland, this Court lacks jurisdiction for defendant Marshall's case because there is no venue nexus in this district. There are no allegations in any of the counts that tie Mr. Marshall's alleged agreement with the California participants to this district."). Like in *Pinto*, based on these facts as characterized by Marshall, a "'reasonable jury' could conclude that [Marshall] knowingly . . . distributed [and possessed with intent to distribute] controlled substances . . . and was aware that the conspiracy he joined had 'one overall agreement' involving participants known and unknown to him." *Id.* at 3. As such, Marshall is not entitled to pretrial dismissal for improper venue. *See Hardaway*, 999 F.3d at 1130 ("To go beyond the face of the indictment, and challenge the sufficiency of the government's evidence on venue, Hardaway was required to proceed to trial and put the government to its burden of proof."). If a jury determines that there was no single conspiracy and that Marshall was not involved in any

7

conspiracy that "began, continued, or was completed" in the State of Nebraska, *Mink*, 9 F.4th at 601, then venue would be improper. However, this is "a question of fact for the jury" and is not for the Court to decide. *Id.* at 602. Accordingly, venue is proper as to Count I.

Finally, as to Counts II and III, Marshall's argument that "there is no jurisdiction" due to a lack of "allegations of any individual acts of money laundering" is unpersuasive. "The indictment need not detail specific acts that support the charge, and Count[s II and III] do[ ] not do so." *Hardaway*, 999 F.3d at 1130. It is sufficient that Counts II and III charge Marshall with money laundering and conspiracy to commit money laundering "in the District of Nebraska." Filing 205; *see Hardaway*, 999 F.3d at 1130 (stating that "there was venue in the Eastern District of Missouri to try the allegation that Hardaway conspired to commit money laundering in 'the Eastern District of Missouri' and elsewhere"). Accordingly, venue is proper as to all three Counts of the Second Superseding Indictment.

### B. Duplicity

One of the defects listed by Federal Rule of Criminal Procedure 12(b)(3) that "can cause an indictment to be dismissed prior to trial," *Morales*, 813 F.3d at 1066, is "joining two or more offenses in the same count (duplicity)." *See* Fed. R. Crim. P. 12(b)(3)(B)(i). Marshall seemingly argues that charging "a single conspiracy" where there actually exist "multiple conspiracies" is duplicitous. *See* Filing 284 at 4. Marshall contends that "Count I of the indictment alleges multiple conspiracies as opposed to one overall conspiracy between the codefendants." Filing 283 at 1 (¶ 2). The Court disagrees with Marshall. Count I of the Second Superseding Indictment charges Marshall with conspiring to distribute and possess with intent to distribute 1000 kilograms or more

of a mixture or substance containing marijuana. Filing 205. Count I does not distinguish between multiple and single conspiracies. Filing 205.

Even putting aside Marshall's misreading of Count I, this duplicity argument is still meritless. Marshall argues,

> [M]ost importantly in this case specifically, the duplicity, i.e. existence of multiple conspiracies, completely wrests jurisdiction from the United States District Court for the District of Nebraska. The existence of multiple conspiracies, due to the nature of those conspiracies, removes the District of Nebraska as an appropriate venue to charge Mr. Marshall. There is no nexus between this jurisdiction and the alleged factual basis for the discreet [sic] conspiracy which the government may be able to prove against Mr. Marshall and individuals in California.

Filing 284 at 4. Marshall appears to argue that Count I charges him with engaging in either a single conspiracy or one of the multiple conspiracies, thereby "joining two or more offenses in the same count." Fed. R. Crim. P. 12(b)(3)(B)(i). To the contrary, Count I is not duplicitous because it only charges Marshall with one offense: conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of a mixture or substance containing marijuana. Filing 205. If Marshall is concerned that "the jury might convict [him] without unanimous agreement on the [his] guilt with respect to a particular offense[,] . . . the Sixth Amendment right to a unanimous jury verdict, imperiled with a duplicitous indictment, may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011).[2] To the extent Marshall requests such an instruction at trial, the Court will entertain his request.

---

[2] The Eighth Circuit has also considered the propriety of jury instructions related to multiple conspiracies, stating,

"If the evidence supports a finding of multiple conspiracies, we will reverse a conviction for failure to give a multiple conspiracy instruction only when the failure to give the instruction causes substantial prejudice to the defendant." *United States v. Haslip*, 416 F.3d 733, 736 (8th Cir. 2005). We have said that "[i]f the evidence supports a single conspiracy, the failure to give a multiple

9

What remains of Marshall's argument—the "wrest[ing of] jurisdiction," the "appropriate venue," and the lack of "nexus," Filing 284 at 4—has little to do with dismissal on the grounds of duplicity, but is instead addressed in the above section about venue. Dismissal for duplicity and for improper venue are distinct. *Compare Pietrantonio*, 637 F.3d at 869 (providing that duplicity "is problematic because it might lead the jury to convict without unanimous agreement on the defendant's guilt with respect to a particular offense"), *with Mink*, 9 F.4th at 601 ("Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure.").

Regarding the "duplicity" of Counts II and III, related to money laundering, Marshall simply refers to these Counts as "duplicitous" without any further argument or explanation. The Court is "not obliged to consider this perfunctorily raised, undeveloped argument[.]" *In re Vera T. Welte Testamentary Tr.*, 96 F.4th 1034, 1039 (8th Cir. 2024) (quoting *United States v. Kirk*, 528 F.3d 1102, 1104 n.2 (8th Cir. 2008)). Thus, the Court concludes that Counts II and III are not duplicitous either, for the reasons the already explained with respect to Count I.

### III. CONCLUSION

Defendant Marshall is not entitled to dismissal of the charges against him. The District of Nebraska is a proper venue, and the three Counts against him are not duplicitous. A Grandy Jury indicted Marshall for the charged crimes, and Marshall can defend himself against the charges at trial. Accordingly,

---

conspiracies instruction is not reversible error." *United States v. Sesay*, 937 F.3d 1146, 1151 (8th Cir. 2019) (quoting *United States v. Roach*, 164 F.3d 403, 412 (8th Cir. 1998)).
*United States v. Green*, 83 F.4th 696, 703 (8th Cir. 2023).

IT IS ORDERED that defendant Marshall's Motion to Dismiss the Second Superseding Indictment, Filing 283, is denied.

Dated this 26th day of July, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge