IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | NO. 8:23-CR-86 |
| vs. | **ORDER** |
| RICHARD WESLEY MARSHALL, | |
| Defendant. | |

Defendant Richard Wesley Marshall has been indicted on three counts: conspiracy to distribute and possess with intent to distribute marijuana; money laundering; and conspiracy to commit money laundering. Filing 205 (Second Superseding Indictment). Presently before the Court is the defendant's Opposed Motion for Reconsideration of Detention and request for hearing. Filing 354. For the reasons stated below, the defendant's Motion is denied.

I.  BACKGROUND

On November 14, 2023, a Grand Jury in the District of Nebraska returned a three-count Superseding Indictment against several defendants, including Richard Wesley Marshall. Filing 75 at 1.[1] The defendant was arrested nearly a month later on December 12, 2023, in California, and

---

[1] Count I of the Superseding Indictment alleges that Marshall and others conspired to distribute and possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana and a mixture, compound, and preparation containing THC. Filing 75 at 1. Count II of the Superseding

1

he appeared the next day before United States Magistrate Judge Jacqueline Chooljian in the Central District of California. Filing 120-2 at 1; Filing 120-8. Although the Government requested that the defendant remain detained pending trial, the magistrate judge denied the Government's request and permitted the defendant to remain out on bond subject to certain conditions. Filing 102. On December 15, 2023, the Government moved for an emergency stay of the magistrate judge's decision to release the defendant on bond pending trial. Filing 100. This Court granted the Government's Motion for a stay to allow the Court to conduct a *de novo* review of the magistrate judge's release decision. Filing 102 at 1.

On January 30, 2024, after obtaining additional information from the parties and granting the defendant's request for extension, the Court issued an order granting the Government's Motion to revoke the magistrate judge's release order and ordered that the defendant be taken into pretrial detention. Filing 186. The defendant filed an interlocutory appeal, Filing 190, and the Eighth Circuit summarily affirmed this Court's detention order, Filing 257. Now, nearly one year later, the defendant has moved for reconsideration of this detention order. Filing 354.

## II. LEGAL ANALYSIS

### A. The Parties' Arguments

The defendant contends that continued pretrial detention is inappropriate. The defendant argues his release is justified by the following considerations:

> (1) the proposal of significantly enhanced proposed bond conditions as detailed below which address the previous concerns raised by the Court and the government; (2) the continued prolonged nature of the pretrial detention period

---

Indictment alleges that the Defendant and others engaged in money laundering to conceal and disguise the nature, location, and source of unlawful activity. Filing 75 at 2. Count III of the Superseding Indictment alleges that Marshall and others conspired to launder money. Filing 75 at 2–3.

> as discovery is still being produced by the government more than one year after the initial detention hearing; and (3) the ability for the Court to now review the detention decisions made regarding the seven other codefendants who have been released[.]

Filing 354 at 6. These points will be discussed in greater detail below. The defendant also seeks an evidentiary hearing. Filing 354 at 17.

In response, the Government asks the Court to "summarily den[y]" the defendant's Motion because the defendant still poses "a serious risk of flight." Filing 362 at 1, 12. The Government maintains the applicability of its grounds for opposing release, including the defendant's involvement with drug trafficking; the defendant's extensive foreign travels; the defendant's substantial assets; and the sophisticated disguising of these assets. Filing 362 at 3–7. The Government argues that the defendant "has failed to demonstrate any material change in fact that would impact the Court's original determination that he is a serious risk of flight," requiring the Court to reject his Motion for Reconsideration of Detention. Filing 362 at 1.

### B. Applicable Standards

As discussed above, the Court previously ordered that the defendant be detained due to risk of flight. Filing 186. Reconsideration of a detention order is authorized by 18 U.S.C. § 3142(f). The statute provides in relevant part,

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required[.]

18 U.S.C. § 3142(f). Because the Court ultimately concludes that there is no information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person,"

3

the Court may not "reopen[ ]" the detention hearing. *Id.* Thus, the defendant's request for a hearing is denied.

Turning to the reconsideration of detention, neither party has identified, nor has the Court located, Eighth Circuit precedent regarding what constitutes information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." 18 U.S.C. § 3142(f). But various other courts have opined on the matter, including another district court in the Eighth Circuit. In *United States v. Held*, No. 4:24CR379, 2024 WL 4836077 (E.D. Mo. Nov. 20, 2024), the district court stated:

> The Bail Reform Act permits reconsideration of detention orders pursuant to 18 U.S.C. § 3142(f), which authorizes the Court to reopen the detention hearing at any time before trial if the judge "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). "New and material information ... consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Esposito*, 354 F. Supp. 3d 354, 358-59 (S.D.N.Y. 2019) (citations omitted). "Moreover, and significantly for present purposes, previously unavailable information has no material bearing on the factors that must be considered to establish the propriety of pretrial detention unless that new information casts different light on any of those factors." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) (emphasis original). Therefore, to reopen a detention hearing § 3142(f) requires a defendant to provide "new information" that has a "material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

*Held*, 2024 WL 4836077, at *1. The Court concludes that, absent controlling precedent, these standards are sufficient for the purposes of ruling on the defendant's Motion.

Pretrial release is not warranted if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). And as discussed in the Court's previous Order, Filing 186 at 7–8, because there is probable cause to believe that the defendant "committed [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," a rebuttable presumption of detention exists. 18 U.S.C § 3142(e)(3) (providing that under these circumstances "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required"). Accordingly, the defendant must produce "new information" sufficient to rebut the presumption of detention in this case. Because the Court concludes that the defendant has failed to carry his burden in this regard, the defendant's Motion is denied. Alternatively, even if the defendant had carried this burden, the Court would still deny defendant's Motion and require the defendant's continued detention for the reasons outlined below.

### C. Application

As stated above, the defendant seeks reconsideration of his detention order based on (1) new proposed bond conditions; (2) the prolonged nature of the pretrial detention; and (3) the defendant's detention relative to his codefendants. The Court will consider each argument in turn.

*1. The Defendant's Proposed Bond Conditions*

The defendant outlined his proposed bond conditions and conditions of release in his Motion. Filing 354 at 7–10. These conditions include: home incarceration with a GPS ankle bracelet; having the defendant's father—who the defendant avers is an attorney and active member of the bar—serve as the defendant's custodian; posting a $1,000,000 appearance bond; posting the

defendant's parents' residence—with a stated equity value of $4.8 million—as additional collateral; submitting to an additional pretrial services interview; submitting to drug testing; a prohibition on disposing of assets worth $25,000 or more; avoiding contact with any known codefendants, victims, or witnesses; and complying with any other conditions imposed.

In response, the Government avers that home incarceration with GPS monitoring, living with parents, and having the defendant's father act as a third-party custodian are not "new information," as these conditions were considered and rejected by the Court by previous order. Filing 362 at 8. Indeed, the Court's previous order specifically contemplated "travel restrictions, GPS location monitoring, curfew restrictions, and home detention at the residence of the [third-party] custodians," specifically, the defendant's parents. Filing 186 at 20 (alteration in original). Thus, this is not "new information" that can support reconsideration of detention under 18 U.S.C. § 3142(f). In addition, even if these considerations could support the defendant's Motion under the law, the Court's prior concern that the defendant's trips to his parents' home "also corresponded with [controlled substance] deliveries" remains. Filing 186 at 20. The Court concluded that the defendant's parents were likely not "capable of effectively monitoring" the defendant, which again provides an independent basis for discounting these conditions as a means to "reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e).

With respect to the defendant's proposed condition that he post additional bond and collateral to secure his release, the Government contends that this "does not negate all the factors this Court considered when it concluded that pretrial detention was warranted." Filing 362 at 8. The Court agrees. As an initial matter, the Court is unconvinced that having a third party post collateral would provide the defendant with additional deterrence from absconding. In other words,

this consideration does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required," which is a prerequisite for reconsidering the defendant's detention. 18 U.S.C. § 3142(f). Alternatively, even if the prospect of financial damage to a third party could deter a defendant from absconding, the Court is unconvinced that this is true of the defendant in the present case. As the Government states, "The Forfeiture Allegation identifying property related to the charged offenses includes a Money Judgment against all the defendants in the amount of $250,000,000." Filing 362 at 2. Given the substantial assets in this case, the defendant could plausibly have hidden assets exceeding the value of the proposed collateral. In this case, the defendant may still be undeterred from absconding.[2] Thus, even if collateral provided by a defendant's parents could constitute grounds for reconsidering detention, the proposed collateral fails to rebut the presumption of detention in this case. 18 U.S.C § 3142(e)(3).

Finally, the defendant's remaining proposed conditions, if imposed, would not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." 18 U.S.C. § 3142(f). Participation in an additional pretrial services interview will not reasonably assure the defendant's appearance. As noted in a previous Order, the Court concluded that the defendant "was not entirely forthcoming in disclosing his financial assets when speaking to the United States Probation Office" in the first instance. Filing 186 at 17–18. The Court stated that it was "not persuaded" that the defendant was "candid with pretrial services, especially given the allegations in this case involving money laundering—the very purpose of which is to conceal the ill-gotten nature of assets." Filing 186 at 18. In addition,

---

[2] The same is true of the defendant's offer to post a $1 million bond.

abstention from drugs and alcohol is not at issue here, as demonstrated by the defendant's statement that he "has been drug and alcohol free for the past 8 years and intends to stay that way." Filing 354 at 10. Nor would the condition that the defendant be prohibited from transferring expensive assets alleviate the Court's concern of the defendant's flight risk. The Court's concern is that the defendant can access "proceeds from the illegal activity [that are] hidden and disguised" and use these assets to abscond. Filing 362 at 6. In sum, the defendant's newly proposed conditions of release fail to move the Court from its previous conclusion that the defendant is a flight risk and that there are no conditions or combination of conditions that will reasonably assure his appearance.

    2. *The Prolonged Nature of the Pretrial Detention*

The defendant cites as one of his arguments for reconsideration "the continued prolonged nature of the pretrial detention period as discovery is still being produced by the government more than one year after the initial detention hearing." Filing 354 at 6. In explanation, the defendant states,

> An additional changed circumstance that could impact this case are the ongoing hearings regarding the potential rescheduling of Marijuana from a Schedule I to a Schedule III substance under the Controlled Substance Act. While these hearings are still ongoing, if this rescheduling were to occur it could have a significant impact on the severity of sentences that could be imposed upon conviction in this case. For purposes of a risk of flight analysis, even the fact that such hearings are taking place arguably would significantly reduce the likelihood that Mr. Marshall (or any charged defendant) would choose to flee their country of birth, become a fugitive for life, and cause all the other disastrous effects of violating the proposed bond conditions below, all when there is a significant possibility that the legal landscape for the drug at issue in the indictment might move to Schedule III which could significantly benefit all defendants in this case. Both the Biden and Trump Administrations have expressed support for the rescheduling of Marijuana.

Filing 354 at 6 n.7 (website links omitted). No other argument is offered on this ground.[3] *See generally* Filing 354. Because this ground for reconsideration is based entirely on hypothetical changes to the law which have not and may never come to pass, this argument fails. This is not "new evidence" that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." 18 U.S.C. § 3142(f).

### 3. The Defendant's Detention Relative to Other Codefendants

The defendant cites as one of his arguments for reconsideration "the ability for the Court to now review the detention decisions made regarding the seven other codefendants who have been released which as described herein demonstrate the ability for significant bond conditions to reasonably assure the appearance of defendants in this case." Filing 354 at 6. The defendant focuses his argument on codefendant Thibido, who the defendant avers "is nearly identical . . . with respect to his alleged role in the offense and background characteristics." Filing 354 at 14. The defendant further notes that in a hearing before a magistrate judge, the Government stated that Thibido and the defendant were similar in background, but that the Government did not object to Thibido's release because it included a GPS monitor requirement, whereas the defendant's initial conditions of release had no such requirement. Filing 354 at 15–16. Thus, the defendant contends that, because the Government apparently views him and Thibido as posing similar risks, the defendant should also been released under the similar conditions to Thibido.

The Court notes at the outset that under the Bail Reform Act, defendants are entitled to "an individualized determination whether detention or release is appropriate." *United States v.*

---

[3] The Court further notes that the length of the pretrial detention period is not a factor in determining whether detention is appropriate under 18 U.S.C. §§ 3142(f) (providing for reconsideration of detention) or (g) (providing factors to determine whether detention is appropriate as an initial matter).

*Stephens*, 594 F.3d 1033, 1039 (8th Cir. 2010). Moreover, a codefendant's release status is not "new evidence" that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." 18 U.S.C. § 3142(f). The defendant's ground for reconsideration is denied on this basis. However, even if the Court were to entertain a comparative argument in favor of reconsideration, the defendant's argument would still fail because he and codefendant Thibido are distinguishable. As the Government explains,

> Thibodo has more verifiable contacts, having lived his entire life in California and resided at the same residence for the last 20 years. Marshall lived a transient lifestyle, living at various homes and listing his properties in the name of others or a company.
>
> Furthermore, Thibodo did not conceal any of his known finances to the Probation Office during a pretrial interview. Marshall was not truthful with the Probation Office about his finances.
>
> There is also evidence that Marshall provided cash for [alleged conspiracy leader] codefendant Leidermann's defense in order to keep him from cooperating. No such evidence of Thibodo doing so.

Filing 362 at 10. Thus, even if the Court were to consider the defendant's argument that similarly situated codefendants were granted release under the conditions sought here, the defendant's Motion to Reconsider Detention would still fail because the defendant poses additional risks that codefendant Thibodo does not.

### III.     CONCLUSION

The defendant has failed to demonstrate that he is entitled to reconsideration of his detention. Accordingly,

IT IS ORDERED that the defendant's Opposed Motion for Reconsideration of Detention, Filing 354, is denied.

Dated this 30th day of January, 2025.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge